Richard Thomas MANNING,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

State of Massachusetts, City of Brook-
line, Suffolk County, Walt Disney
Company, Bournewood, Wascare,
LLC, Westwood Pembroke Health
Care, Arnold Communications, Inc.,
Defendants–Appellees,

and

City of Boston, Defendant–Appellee,

and

City of Pittsfield, Defendant–Appellee,

and

Town of Westwood, Defendant–
Appellee,

and

Norfolk County, Defendant–Appellee,

and

AT & T Broadband and Comcast,
Defendant–Appellee,

and

General Electric and UNUM Life
Insurance Co. of America,
Defendants–Appellees,

and

Viacom, Inc., Defendant–Appellee,

and

Blue Cross Blue Shield of Mass.,
Defendant–Appellee,

and

Faulkner Hospital, Beth Israel Deacon-
ess Medical Center, and Dana Farber
Cancer Institute, Defendants–Appel-
lees,

and

Fallon Ambulance Service,
Defendant–Appellee,

and

AMR of Massachusetts, Inc.,
Defendant–Appellee.

No. 2006–1553.

United States Court of Appeals,
Federal Circuit.

Feb. 16, 2007.

Before LOURIE, RADER, and
MOORE, Circuit Judges.

PER CURIAM.

*ORDER*

The defendants move to dismiss Richard Thomas Manning's appeal. Manning opposes and moves for injunctive relief. The United States replies.

Manning sued the defendants in the United States District Court for the District of Massachusetts, alleging various constitutional and civil rights violations and conspiracy theories, *Manning v. United States*, 04–CV–10401. On February 7, 2005, the district court granted the defendants' motions to dismiss for failure to state a claim for which relief can be granted. The district court dismissed without prejudice to Manning refiling complaints that clearly state the cognizable causes of action against each particular defendant.

Manning filed various documents with the district court. On May 3, 2006, the district court entered an order stating that Manning had not revised his complaint and dismissed his case with prejudice. On

July 5, 2006, or 63 days after entry of the order dismissing the complaint, the district court received Manning's notice of appeal.

An appeal from a district court in a case involving the United States is due within 60 days. 28 U.S.C. § 2107(b). Thus, any appeal from the May 3 order was due on Monday, July 3, 2006.* Manning's appeal is untimely and must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The motions to dismiss are granted.

(2) Manning's motion is denied.

(3) All sides shall bear their own costs.

---

* The sixtieth day was July 2, 2006, which fell on a Sunday. Thus, Manning's appeal was due on the next business day, July 3. Fed. R.App. P. 26(a)(3).